UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARY A. PRICE,<br>Plaintiff,<br><br>v.<br><br>CMI PUBLICATIONS/<br>CHALLENGING TIMES,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 10-333 ML |

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Docket ("Dkt.") #2) ("Application to Proceed without Prepayment of Fees" or "Application") filed by Plaintiff Mary A. Price ("Plaintiff"). Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation. See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) (explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

**Discussion**

Plaintiff's Complaint (Dkt. #1) is similar to previous complaints which she has attempted to file in this Court and which have been rejected. Indeed, on no less than six prior

occasions the Court has issued orders rejecting Plaintiff's filings. On April 22, 2010, this Magistrate Judge issued an order rejecting Plaintiff's Complaint because it did not include the full caption showing the names of all parties as required by District of Rhode Island Local Rule ("DRI LR") 5(a)(1). See MC 10-53 M (Order of 4/22/10). Plaintiff submitted another filing on May 14, 2010, but it was rejected as deficient by Magistrate Judge Robert W. Lovegreen. See MC 10-64, Order of 5/14/10.

On May 25, 2010, Plaintiff made a third attempt to file her Complaint, but it was rejected by this Magistrate Judge in an order issued on May 27, 2010. See MC 10-53 M, Order Refusing Filing ("Order of 5/27/10"). In an effort to assist Plaintiff, this Magistrate Judge detailed the problems with Plaintiff's Complaint in the Order of 5/27/10. The body of that order is reproduced below in its entirety:

> I have reviewed the documents presented to the Clerk's Office on May 25, 2010, and have determined that they should be refused for the following reasons:
>
> 1. Your approximately fifty page complaint (with over a hundred pages of exhibits and/or attachments) fails to comply with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8. It is not concise and direct as required by Rule 8(d), but is voluminous and incoherent. Additionally, Rule 8(a) requires that the complaint contain a "short and plain statement of the grounds for the court's jurisdiction ...," Fed. R. Civ. P. 8(a), and a "short and plain statement of the claim showing that the pleader is entitled to relief ...," id. If your complaint contains such statements, they are buried within the mass of papers which you have attempted to file. The Court will not search through your pleading to find them.

> 2. Your complaint still does not have "the full caption showing the names of all parties." Order of 4/22/10 (citing District of Rhode Island Local Rule Cv 5(a)(1)). The caption must appear on the document which is the complaint. Writing the caption on a separate piece of paper does not comply with the Rule.
>
> 3. Your complaint is not signed. See Fed. R. Civ. P. 11(a).
>
> 4. The documents submitted contain personal identifiers in violation of Fed. R. Civ. P. 5.2. You are responsible for removing or blacking out this information.
>
> Accordingly, if you wish to continue to pursue this action, you must file a complaint which corrects the deficiencies identified in this Order.

Order of 5/27/10 at 1-3 (bold added)(footnotes omitted).[1]

Plaintiff again attempted to file Complaint on June 7, 2010, but her filing was rejected as deficient, this time by Magistrate Judge Lincoln D. Almond. On July 19, 2010, Plaintiff submitted her Complaint for a fourth time. However, it was rejected by this Magistrate Judge in an Order which stated in relevant part:

> **Although you have signed your Complaint, you have not remedied the deficiencies identified in the May 27, 2010, Order Refusing Filing, a copy of which is attached hereto.**

Order of 7/20/10.

Despite the above explicit instruction, on August 6, 2010, Plaintiff submitted the instant Complaint which fails to correct

[1] The omitted footnotes contain excerpts from the various Rules of Federal Procedure quoted in the Order of 5/27/10. The Court included the excerpts in a further effort to help Plaintiff file a Complaint which complied with the Rules.

deficiencies explained in the Order of 5/27/10. The Complaint remains voluminous and incoherent. If it contains the required "short and plain statement of the grounds for the court's jurisdiction ...," Fed. R. Civ. P. 8(a), and a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief ...," id., these statements remain buried within the mass of papers which Plaintiff has attempted to file.

As best the Court can gather from a cursory review of Plaintiff's massive filing, it appears that Plaintiff has some complaint about a contest involving puzzles which were published in Defendants' newspapers. Plaintiff apparently entered the contest but did not receive the prize or prizes to which she believes she is entitled. The Court declines to delve more deeply into the pleading because, as was true with her prior filings, it is excessively voluminous, disjointed, and largely incomprehensible.

In view of Plaintiff's previous filings, no purpose would be served by affording her an opportunity to file an amended complaint in this matter. There is no reason to believe that an amended complaint would be any more comprehensible than her previous filings.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that the Application be denied and that the action be summarily

dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)[2] because it fails to state a claim upon which relief may be granted. See Feeney v. Correctional Medical Services, Inc., 464 F.3d 158, 161 n.3 (1st Cir. 2006)(noting that § 1915(e)(2)(B)(ii) authorizes a federal court, sua sponte,[3] to dismiss an action filed in forma pauperis if the court determines that it fails to state a claim on which relief may be granted).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605

---

[2] Section 1915(e)(2) states that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[3] Sua sponte means "[w]ithout prompting or suggestion; on its own motion ...." Black's Law Dictionary 1464 (8th ed. 1999).

(1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 11, 2010